MILLER and another, Appellants, vs. INDUSTRIAL COMMIS-
SION and others, Respondents.

*December 7, 1950—February 6, 1951.*

For the appellants there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *Carl Neprud Otjen*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondent American Mutual Liability Insurance Company there was a brief by *Shaw, Muskat & Paulsen,* attorneys, and *Robert W. Haight* of counsel, all of Milwaukee, and oral argument by *Mr. Haight*.

BROADFOOT, J.  We must first determine from the record in this case who was the employer of O'Harris. The examiner for the Industrial Commission concluded that Kelly was his employer. The commission reversed its examiner and made a finding that Miller was his employer. Because the equipment bore the name of "Miller Amusement Enterprises," because O'Harris answered an advertisement of Miller Amusement Enterprises, and because O'Harris was not informed as to who was his employer, the commission held that Miller is estopped from claiming that he was not in fact the applicant's employer. Upon review the trial court affirmed the award of the commission, but on the ground that the lease from Miller to Kelly was merely a device for calculating Kelly's compensation.

We do not agree with the reasoning of either the commission or of the trial court. There is no dispute as to the

facts. It is clear from the record that Kelly hired O'Harris, paid him his wages, and directed his work. O'Harris testified that he did not know for whom he was working; that he was not personally acquainted with Miller and never saw him except upon two occasions and then had no conversation with him. Kelly testified that O'Harris was his employee and the record shows that O'Harris' name was on Kelly's books as an employee and that his name was included in Kelly's social-security reports. From the record it is apparent that O'Harris was an employee of Kelly at the time of his injury, and that he was injured in the course of his employment for Kelly.

Under the terms of his lease with Miller, Kelly was to hire and pay the salaries of all employees necessary to move, operate, and maintain the leased equipment, and was to carry workmen's compensation insurance on his employees. Pursuant to that agreement, Kelly procured a policy from the American Mutual Liability Insurance Company which was denominated a "Standard Workmen's Compensation and Employers' Liability Policy." The examiner determined that this company was liable under the terms of said policy for the injuries of O'Harris. The commission again reversed the examiner and dismissed Kelly's insurer from liability.

Par. I (a) of the policy referred to above reads in part as follows:

"To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all instalments thereof as they become due,

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, *cited and described in an indorsement attached to this policy,* each of which statutes is herein referred to as the Workmen's Compensation Law, and . . .

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a

part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. *Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme, or plan not cited in an indorsement hereto attached."* (Emphasis supplied.)

There is no indorsement upon the policy covering liability under the Wisconsin Workmen's Compensation Law. It follows, therefore, that the American Mutual Liability Insurance Company is not liable under the workmen's compensation provisions of said policy in a proceeding before the Industrial Commission of Wisconsin under the Wisconsin Workmen's Compensation Law. We do not pass upon the possible liability of the company under the indemnity provisions of said policy.

Sec. 102.06, Stats., reads as follows:

*"Joint liability of employer and contractor.* An employer shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to this chapter, or who has not complied with the conditions of section 102.28 (2) in any case where such employer would have been liable for compensation if such employee had been working directly for him, including also work in the erection, alteration, repair, or demolition of improvements or of fixtures upon premises of such employer which are used or to be used in the operations of such employer. The contractor or subcontractor (if he is subject to the Workmen's Compensation Act) shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. In the same manner, under the same conditions, and with like right of recovery, as in the the case of an employee of a contractor or subcontractor, described above, an employer shall also be liable for compensation to an employee who has been loaned by him to another employer. The employer who becomes liable for and pays such compensation may recover the same from such contractor, subcontractor, or other employer for whom the

employee was working at the time of the injury if such contractor, subcontractor, or other employer was an employer as defined in section 102.04."

Miller was engaged in the business of operating carnival companies and furnishing rides. He personally took the contract to operate the carnival at Racine. He intended to fulfil this contract with one of the two units operated by himself. When Miller arranged with Kelly to operate a carnival unit at Racine to fulfil Miller's contract Kelly was an independent contractor doing work ordinarily and customarily done by Miller, and the provisions of the above section of the statutes are applicable. Under that statute Miller and his insurance company are liable for the payment of compensation to O'Harris, who was an employee of Kelly.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.